UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MATA ROJERO,<br><br>    Petitioner,<br>v.<br><br>COLEEN NOLL, Warden,<br><br>    Respondent. | Civil No. 09cv2047 L (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION FOR STAY AND ABEYANCE AND DISMISSING PETITION WITH PREJUDICE**<br><br>[Doc. No. 11] |

    Julio Mata Rojero (Petitioner) is a California prisoner serving a sixteen year to life sentence for second degree murder with a deadly weapon use enhancement. He filed a pro se petition for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2254. He claims there was good cause for his failure to exhaust state remedies because he lacks legal training, and was financially disabled so did not have assistance of counsel. Petitioner asks this court to stay these federal proceedings while he returns to state court to exhaust any unexhausted claims and review his Petition to determine whether his claims are potentially meritorious. Respondent opposes the request for stay, contending Petitioner has not demonstrated good cause for failure to present the claims to the state courts in his previous state court filings. For the reasons outlined below, this Court **RECOMMENDS** that the motion for stay and abeyance be **DENIED** and that the Petition be **DISMISSED with prejudice.**

### PROCEDURAL HISTORY

    On August 16, 1992, a jury convicted Petitioner of second degree murder with a deadly weapon use enhancement. (Lodgment 3 at 1.) On September 18, 1992, he was sentenced to prison for sixteen

years to life.  (*Id.*)  On May 18, 1994, the California Court of Appeal affirmed the judgment on direct appeal.  (Lodgment 1 at 1.)  Petitioner did not petition for review.  (Pet. at 2.)

On January 5, 1995, Petitioner filed his habeas petition in San Diego County Superior Court alleging (1) ineffective assistance of trial counsel; and (2) the trial court erred in denying his request to proceed pro se.  (Lodgment 2 (date stamped on March 9, 1995.))  On March 23, 1995, the court denied the petition because Petitioner failed to establish a prima facie case for relief.  (Lodgment 3.)

On April 29, 2001, Petitioner filed a second habeas petition again in San Diego County Superior Court, alleging (1) ineffective assistance of trial counsel and (2) appellate counsel; and also alleging that the trial court erred by (3) admitting prejudicial testimony; (4) introducing the prosecution's false assertion in order to call rebuttal witnesses to testify to Petitioner's bad character; (5) instructing the jury with CALJIC 2.09; and (6) basing his conviction on perjured testimony.  (Lodgment 4 (date stamped on May 22, 2001.))  On July 9, 2001, the court denied the petition for the same reasons it denied his 1995 habeas petition.  (Lodgment 5.)

On January 13, 2008, Petitioner filed a habeas petition in the California Court of Appeal alleging the same six claims raised in his April 29, 2001 petition in San Diego County Superior Court.  (Lodgment 7 (date stamped on February 4, 2008.))  Petitioner also alleged to have newly discovered evidence.  (Lodgment 8.)  On April 30, 2008, the court denied the petition as untimely.  (*Id.*).

On March 10, 2009, Petitioner filed a habeas petition for review in the California Supreme Court alleging ineffective assistance of counsel.  (Lodgment 9 (date stamped on March 24, 2009.))  On August 12, 2009, the court denied the petition as untimely, based on *In re Robbins*, 18 Cal. 4th 770, 780 (1998).  (Lodgment 10.)

On September 11, 2009, Petitioner filed the federal petition now before this court, raising four grounds for relief:  (1) that the crime would not have occurred if law enforcement officers had done their duty; (2) trial counsel was ineffective in failing to ensure the trial court properly instructed the jury; (3) trial counsel was ineffective in failing to deliver subpoenas; and (4) had the victim's wife not provided the victim with a bat, the crime would not have occurred.  (Pet. at 6-7. (date stamped on September 16, 2009.))  Petitioner acknowledged that he did not raise any of these claims in the March 10, 2009 habeas petition he filed with the California Supreme Court.  (*Id.*)

1   On October 14, 2009, this Court granted Petitioner permission to file a first amended petition
2 (FAP) to cure the following pleading defects in this original Petition: Petitioner did not allege
3 exhaustion of state remedies; and Petitioner's claims failed to state a cognizable federal claim.
4   On February 9, 2010, Petitioner filed a second habeas petition in the California Supreme Court.
5 (Lodgment 11 (date stamped on February 18, 2010.)) He alleges the same six claims that he raised in his
6 April 29, 2001 petition filed in San Diego County Superior Court and his January 13, 2008 petition filed
7 in the California Court of Appeal. That petition is still pending with the court. (Lodgment 12.)
8   On February 16, 2010, Petitioner filed his FAP alleging the six grounds for relief raised in his
9 April 29, 2001 petition filed in San Diego County Superior Court and his January 13, 2008 petition filed
10 in the California Court of Appeal. (FAP (date stamped on February 19, 2010.)) That same day,
11 Petitioner filed a motion for stay and abeyance. (Mot. for Stay and Abeyance.) On March 15, 2010,
12 Respondent filed an opposition. (Opp'n to Mot. for Stay and Abeyance.) On March 17, 2010 Petitioner
13 filed a status report with the court confirming that his second habeas petition with the California
14 Supreme Court was filed and had been allocated a case number.

## DISCUSSION

### A.   Legal Standard.

17   The Supreme Court rule of "total exhaustion" requires all claims in a habeas petition to be
18 exhausted before a federal court can act on the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In
19 light of this total exhaustion requirement, Congress enacted the Antiterrorism and Effective Death
20 Penalty Act (AEDPA), with a one-year statute of limitations to file federal petitions. 28 U.S.C. §
21 2244(d)(1). This statute of limitations is tolled, however, during the pendency of a properly filed
22 application for state post-conviction or other collateral review. *See Nino v. Galaza*, 183 F.3d 1003,
23 1006 (9th Cir. 1999).

24   Habeas petitioners should first seek relief in state court, because those who file mixed petitions
25 (i.e. a petition containing both exhausted and unexhausted claims) in federal court run the risk of losing
26 the opportunity for any federal review of their unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269,
27 275 (2005). Petitioners who file mixed petitions must either withdraw any unexhausted claims and
28 proceed only on exhausted claims, or dismiss the entire mixed petition and return later to federal court

1  with a new petition containing only exhausted claims. *Jackson v. Roe*, 425 F.3d 654, 658-659 (9th Cir.
2  2005); *see James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir. 2000).

3  District courts have limited discretion to stay and hold in abeyance a mixed habeas petition so
4  that a petitioner can return to state court to exhaust additional claims. *Rhines*, 544 U.S. at 277. This
5  stay-and-abeyance procedure is available only in the following limited circumstances: (1) good cause
6  exists for the petitioner's failure to exhaust; (2) the unexhausted claims are not meritless; and (3) the
7  petitioner has acted with reasonable diligence to exhaust the unexhausted claims. *Id.* at 277-278.

8  **B.     Petitioner's Motion for Stay and Abeyance**.

9  Petitioner asks this Court stay his FAP while his unexhausted claims are pending before the
10 California Supreme Court. He argues his lack of experience and training on the law constitutes good
11 cause for failing to exhaust his state court remedies in a timely manner.

12 **1. Good Cause**.

13 AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their
14 claims in state court before filing in federal court." *Rhines*, 544 U.S. at 276-277. "*Rhines* explicitly
15 acknowledges AEDPA's dual purposes: (1) to reduce delays in executing state and federal criminal
16 sentences, and (2) to streamline federal habeas proceedings by increasing a petitioner's incentive to
17 exhaust all claims in state court." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

18 Under *Rhines*, district courts may only stay a mixed petition of exhausted and unexhausted
19 claims in limited circumstances and when there is "good cause for the petitioner's failure to exhaust his
20 claims first in state court." 544 U.S. at 277. The Supreme Court did not define the good cause standard
21 in *Rhines*. In the Ninth Circuit, good cause is, without further clarification, a standard less stringent than
22 the "extraordinary circumstances" standard for equitable tolling of the statute of limitations. *See*
23 *Jackson*, 425 F.3d at 661-662. District courts within the Ninth Circuit have more narrowly defined the
24 standard. Some have required the showing of "some objective factor external to the petitioner" that
25 prevented timely exhaustion. *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005).
26 Others have equated the good cause standard to "excusable neglect." *See Corjasso v. Ayers*, 2006 WL
27 618380, 1 (E.D. Cal. 2006). The latter interpretation considers such factors as prejudice to the
28 non-moving party, length of the delay and its effect on efficient court administration, whether the delay

was caused by factors beyond the control of the movant and good faith. *Id.* at 1.

This Court finds that Petitioner has not demonstrated good cause under either of the above interpretations. First, Petitioner has not demonstrated any external objective factor that prevented him from timely exhausting his claims. District courts have explicitly held that lack of legal expertise and literacy are not sufficient to constitute good cause under *Rhines*. *Crenshaw v. Hubbard*, 3 Fed.Appx. 620, 621 (9th Cir. 2001); *see Smith v. Giurbino*, 2008 WL 80983 (S.D. Cal. 2008); *Riseley v. Warden,* 2006 WL 1652657 (E.D. Cal. 2006); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that literacy does not establish "good cause" under procedural default). Also, "the mere fact that a petitioner is acting pro se . . . does not establish 'good cause'. . ." *Calvert v. Daniels*, 2006 WL 2527639, 2 (E.D. Wash. 2006); *see Riseley*, 2006 WL 1652657, 2 (citing *Hughes*, 800 F.2d at 909). If lack of legal expertise was enough to establish good cause, virtually any prisoner would have grounds to seek a stay. This would go directly against the Supreme Court's holding in *Rhines* that the stay and abeyance procedure "should be available only in limited circumstances." *See* 544 U.S. at 277. Moreover, Petitioner had regular access to the law library to obtain necessary legal information and his claims do not appear complex. Therefore, Petitioner's argument that his lack of education and legal training constitute good cause under *Rhines* fails.

Second, even under the more lenient standard equating good cause and excusable neglect, no good cause has been offered. *See Corjasso*, 2006 WL 618380. Courts following this standard consider factors such as prejudice to the non-moving party, length of the delay and its effect on efficient court administration, whether the delay was caused by factors beyond the control of the movant and good faith. *Id.* at 1. Here, granting a stay would prejudice Respondent by indefinitely prolonging this litigation. Also, under the AEDPA, Petitioner had until April 24, 1997 to fully exhaust his state court remedies before seeking federal habeas relief.[1] Petitioner did not file this Petition until September 11, 2009, over 12 years after the AEDPA's one-year time limit had expired. Further, Petitioner cites no factors beyond his control that would have caused this delay except for his lack of legal training. Therefore, no good cause for the delay in exhaustion has been shown.

---

[1] The AEDPA's one-year statute of limitations for cases where a petitioner's conviction became final before the enactment of the AEDPA runs from April 24, 1996, the date of AEDPA's enactment. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

**2. Merit of Claims**.

Petitioner asks this Court to review the merits of his claims. Petitioner claims that he was denied ineffective assistance of trial and appellate counsel, and lists nine pages of supporting facts in his Petition. Respondent argues the unexhausted claims have no merit because the Petition is untimely.

While Petitioner was convicted in 1992, his conviction did not become final until April 24, 1996, the date Congress enacted AEDPA. Petitioner therefore had until April 24, 1997 to exhaust his state court remedies and file a federal petition. He waited over 12 years to file a federal petition, and when he filed it, it included only unexhausted claims.

While AEDPA provides for statutory tolling, Petitioner has not shown he is entitled to any. [2] He filed his first habeas petition in 1995, before the enactment of AEDPA, and thus is not entitled to statutory tolling for the pendency of that petition because the limitations period had not yet begun to run. He did not file another habeas petition until May 22, 2001, over four years after the limitation period. Because the limitation period had expired, Petitioner was not entitled to statutory tolling for the pendency of that petition or any petition filed thereafter. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Neither is he entitled to statutory tolling for the period between his filings. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).

Petitioner's second petition to the court of appeal and first petition to the California Supreme Court were denied as untimely. Under AEDPA, "a federal court may grant habeas relief . . . only if the state court's 'adjudication of [a] claim on the merits . . . resulted in a decision that . . . involved an unreasonable application' of the relevant law." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). Here, the state court did not unreasonably apply the law regarding timeliness.

Finally, Petitioner has not alleged any facts showing he is entitled to equitable tolling. In fact, Petitioner's filing of petitions between 1995 and 2010 suggest that there were no circumstances beyond his control that prevented Petitioner from timely filing a federal petition.

**3. Reasonable Diligence**.

For all the reasons stated above, Petitioner has not shown that he has acted with reasonable

---

[2] Petitioner had to exhaust his claims through habeas relief because he did not file a petition for review of the appeal of his conviction.

diligence to exhaust his unexhausted claims.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED** and that the Petition be **DISMISSED** with prejudice.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED** that no later than **May 4, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 14, 2010**. The parties advised that failure to filed objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2010.

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court