UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIO MATA ROJERO, | ) | Civil No. 09cv2047-L(NLS) |
| Petitioner, | ) ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION** |
| v. | ) ) | |
| COLEEN NOLL, | ) ) | |
| Respondent. | ) ) | |

Petitioner Julio Mata Rojero, proceeding in *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The case was referred to United States Magistrate Judge Nita L. Stormes for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.3. Petitioner subsequently filed an amended petition together with a motion to stay this case and hold it in abeyance while Petitioner exhausts his unexhausted claims in state court. Respondent opposed the motion. Judge Stormes issued a report and recommended denying Petitioner's motion and dismiss the amended petition because Petitioner did not show good cause for failure to previously exhaust his claims and because even if the claims were exhausted, they were time barred.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review). Petitioner filed objections to the Report and Recommendation.

"Habeas petitioners have long been required to adjudicate their claims in state court – that is, 'exhaust' them – before seeking relief in federal court." *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009). A federal court may not grant habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The amended petition contains six grounds for relief; however, none of them had been presented to the California Supreme Court. To satisfy the exhaustion requirement, a petitioner must fairly present his federal claims to the highest court with jurisdiction to consider it, or demonstrate that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Petitioner has not presented any of his claims to the highest court, and he does not maintain, either in his motion or in his objections, that no state remedy remains available to him.

"District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir, 2006). However, this rule does not extend "to the situation where the original habeas petition contained only unexhausted claims." *Id*. "Once a district court determines that a habeas petition contains only unexhausted claims, it . . . may simply dismiss the habeas petition for failure to exhaust." *Id*. Because Petitioner's amended petition contains only unexhausted claims, his motion to stay and abey is **DENIED** and the amended petition is **DISMISSED** for failure to exhaust.

In the alternative, assuming for the sake of argument that Plaintiff had exhausted all of his claims, the court would nevertheless have to dismiss his amended petition as untimely. "In furtherance of Congress's desire to accelerate the federal habeas process, AEDPA imposed a

one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner." *Nino v. Galaza*, 183 F.3d 1003, 1004-05 (9th Cir. 1999) (internal quotation marks and citation omitted); 28 U.S.C. § 2244(d)(1). For prisoners like Petitioner, whose convictions became final before AEDPA's enactment, the statute expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

Petitioner's sentence became final in 1994. He filed his first state habeas petition in California Superior Court on January 5, 1995. It was denied on March 23, 1995. Petitioner did not pursue habeas review again for six years, until April 29, 2001, when he filed his second state habeas petition in California Superior Court. It was denied on July 9, 2001. Petitioner then let more than six years elapse before he again sought habeas review on January 13, 2008, when he filed a habeas petition in California Court of Appeal. It was denied as untimely on April 30, 2008. On March 10, 2009 he filed a habeas petition in California Supreme Court, alleging only an ineffective assistance claim. This petition was denied as untimely on August 12, 2009. Petitioner's initial petition in this court was filed on September 11, 2009, years after the statute of limitations had expired. Although the Report and Recommendation addresses the statute of limitations issues, in his objections Plaintiff does not argue that his federal petition is timely under any available tolling doctrines. Accordingly, the amended petition is **DISMISSED** on the alternative ground that it is untimely.

Based on the foregoing, Petitioner's objections are overruled, the Report and Recommendation is **ADOPTED** as modified herein, and the amended petition is **DISMISSED**. Based on the reasons stated herein, certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 12, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL